DAVID S. BENNETT and HARRIET A. BENNETT, Plaintiffs, *v.* LAVINIA H. AUSTIN, Impleaded, etc., Defendant.

*Motion for a new trial, after interlocutory judgment— Appeal need not be taken — Code, § 268.*

After the entry of an interlocutory judgment or decree, not authorizing a final judgment, but directing further proceedings before a referee or otherwise, a motion for a new trial, on a case and exceptions, may be made under section 268 of the Code, without taking any appeal from such judgment or decree.
*Semble,* such motion cannot be made in case of a trial before a referee.\*
Such motion does not stay proceedings under the interlocutory judgment or decree.

Motion to strike this case from the calendar, on the ground that the court had no jurisdiction to hear and determine the same.

This action was commenced to redeem certain lands conveyed by the plaintiffs to one Stephen G. Austin, on the ground that the deed was a security for a loan.

Austin died, and his wife was made a party defendant to this action.

The action has been twice tried. The second trial was had before Judge Henderson, who found the facts as alleged in the complaint,

\* Under section 1001 of the Code of Remedial Justice (Laws of 1867), such motion may be made in case of a trial before a referee.

and decided that the plaintiffs had a right to redeem the said premises and directed an accounting as to the rents and profits received by Austin during his life, and by his wife since his decease.

Without taking any appeal from this decision, and after the time had elapsed from taking an appeal therefrom, the defendant's counsel gave notice of a motion for a new trial on a case and exceptions.

*Wm. H. Greene,* for the plaintiffs.

———— ————, for the defendant.

SMITH, J.:

We do not assent to the position of the plaintiffs' counsel that an appeal must be brought, in order to move for a new trial under the provision of section 268 of the Code, which was introduced into that section by the amendment of 1867. (Laws 1867, ch. 781, § 9.) Prior to the adoption of that amendment, there was no mode of reviewing the decision upon a trial by the court, except by appeal from a final judgment. On such appeal any intermediate order, involving the merits, and necessarily affecting the judgment, might be reviewed. (Code, § 329.) That state of the practice led to much delay and inconvenience in a considerable class of cases tried by the court, in which, after the decision of the preliminary issue, an accounting or some other further proceeding was necessary before final judgment could be rendered, and which subsequent proceeding could be had more conveniently before a referee than before the court. To remedy that inconvenience, the amendment of 1867 was adopted, providing a motion for a new trial on a case and exceptions, whereby the interlocutory decision of the court could be reviewed, before judgment. The motion is not an appeal, but it must be brought on, upon a case or exceptions made as provided "in case of an appeal."

It was suggested, on the argument of this motion, that an appeal is necessary to bring the case up for review. But the statute directs that the motion shall be made at General Term, and as it is to be made on a case, and as a final judgment is not to be rendered by the General Term, the record need not be brought up.

It was also urged that unless a party proposing to move for a new

trial, under section 268 is required to bring an appeal, the party prevailing at the Special Term, will be subjected to delay till the decision of the motion for a new trial, without having security. The motion for a new trial does not stay proceedings. The prevailing party may proceed with the cause, notwithstanding the steps taken with a view to a motion for a new trial, unless he is stayed by an order of the court, or a judge thereof, on the granting of which order, such terms may be imposed as shall appear just, respecting security or otherwise.

The case of *Miller* v. *Lansing*, decided by this court in June last, is distinguishable from this. There the trial was before a referee, and we refused to hear a motion for a new trial on a case and exceptions, for the reason that the provision of section 268, in question, does not apply to the case of a trial by a referee. The inconvenience above adverted to, attending the taking of an account, or other further proceeding, in an action tried by the court, does not exist in the case of a trial by a referee, who can as conveniently take the account as he can try the main or preliminary issue. The only mode now, as well as before the amendment of 1867, of reviewing the decision of a referee, is by appeal from the final judgment.

Motion denied, but without costs, as the question of practice is new.

MULLIN, P. J., and TALCOTT, J., concurred.

Motion to strike cause from the calendar denied.